[J-66-2014] [MO: Saylor, C.J.]

# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 33 EAP 2013 |
| | : |
| Appellant | : Appeal from the Order of Superior Court |
| | : entered February 5, 2013, at 1174 EDA |
| | : 2011, affirming the order dated May 2, |
| v. | : 2011 in the Court of Common Pleas, |
| | : Philadelphia County, Criminal Division, |
| | : CP-51-CR-0012459-2008 |
| DENNIS BLAND, | : |
| | : ARGUED:  September 10, 2014 |
| Appellee | : |

**DECIDED:  May 26, 2015**

## CONCURRING OPINION

**MR. JUSTICE BAER**

Notwithstanding the appeal of the well-reasoned and thoughtful dissenting opinion of Madame Justice Todd, which outlines the opposing view, I join in full the majority opinion of Chief Justice Saylor because I find that it is more persuasively consistent with decisions of the United States Supreme Court, inferior federal courts, and our sister states.

I write further only to comment on the process that occurred here. While Dennis Bland (Appellee) was in Florida awaiting extradition, his father contacted the Defender Association of Philadelphia (Defender Association) and explained his son's circumstances to an attorney. The attorney faxed a form, which is set forth in the

Majority Opinion and tracks the classic <u>Miranda</u>[1] protections, to Appellee's Florida counsel, who was representing him in conjunction with extradition proceedings. Appellee signed the form, which his Florida counsel apparently returned to the Defender Association's attorney, who then faxed copies of it to the Philadelphia police department's homicide unit and the Office of the Philadelphia District Attorney, in an obvious attempt to invoke Appellee's <u>Miranda</u> rights.[2] It is this purported anticipatory invocation of his right to counsel by fax which leads to this case.

Neither the investigation of the homicide Appellee was charged with committing nor the attempted invocation of his constitutional rights should be trivialized by gamesmanship. In this respect, I find the anticipatory faxing of an alleged <u>Miranda</u> invocation prior to indicia of interrogation from an unknown lawyer to a police department of more than 7,000 (<u>see</u> www.phillypolice.com/about) and a District Attorney's Office with more than 600 (<u>see</u> www.phila.gov/districtattorney/about) to at least approach such gamesmanship. I recognize that the form of Appellee's anticipatory invocation is not at issue in this case and, under different facts, a different result could be warranted. I therefore write to express my obvious distaste for the invocation-by-fax made in this case, and my observation that at best courts should look with skepticism at attempts to invoke constitutional rights by fax from counsel to police.

---

[1] <u>See</u> <u>Miranda v. Arizona</u>, 386 U.S. 436 (1966).

[2] In response, the homicide unit inscribed "ha, ha, ha" on the form and returned it to the Defender Association's lawyer. I do not condone such conduct.